IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 4:05CR3138 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **TENTATIVE** |
| ) | **FINDINGS** |
| PHILLIP E. CAMACHO, ) | |
| ) | |
| Defendant. ) | |

I am in receipt of the presentence investigation report in this case. Except for the defendant's motion for departure or variance (filing 67), there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The defendant's motion for departure or variance (filing 67) asking that I reduce the defendant's sentence because of time he spent in jail on related state

charges is denied.[1] While the defendant is entitled to credit for time served when he was in jail on related state charges that were dismissed in favor of prosecution of this case, the Bureau of Prisons determines the credit and applies it against my sentence. See 18 U.S.C. § 3585(b)(2); United States v. Moore, 978 F.2d 1029, 1030-31 (8th Cir 1992) (affirming Bureau of Prisons decision to award credit for time served in state custody pending trial on subsequently dismissed state charges arising out of the same incident as gave rise to the federal prosecution and reversing decision of the district court). The argument asserted by defense counsel is misplaced because it relies on cases where the defendant was sentenced on state charges and the sentence was discharged or partially discharged prior to the time of the federal sentencing.

(3) Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding

---

[1] I will, however, recommend to the Bureau of Prisons that the defendant receive credit for time served in jail on the dismissed state charges (PSR ¶ 45) as required by 18 U.S.C. § 3585(b)(2). At sentencing, the parties should be prepared to advise me how long the defendant was in jail on the state charges before he came into federal custody.

paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

May 5, 2006. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

May 5, 2006.	BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge