IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3138 |
| | ) | |
| V. | ) | |
| | ) | |
| PHILLIP EMANUEL CAMACHO, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 21, 2006, the defendant, Phillip Emanuel Camacho, filed a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (See filing 133.) ) Subjecting the motion to initial review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, I will dismiss the motion with prejudice.

## I.   BACKGROUND

In an indictment filed on December 15, 2005, the defendant was charged with participating in a conspiracy to distribute and possess with the intent to distribute various controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. (See Indictment, filing 1.) Initially, the defendant pleaded not guilty to the charge (see filing 10); however, on February 27, 2006, the defendant withdrew his plea of not guilty and entered a plea of guilty (see filing 45). On May 16, 2006, I sentenced the defendant to the custody of the Bureau of Prisons for a term of 60 months; five years of supervised release with special conditions; and special assessment in the amount of $100. (See filings 74, 76.) I strongly recommended that he participate in a drug treatment program while in prison. (See filing 76 at 2.)

On November 21, 2006, the defendant filed the instant motion. (See filing 133.) In this motion, the defendant argues that he was denied effective assistance of counsel. (See id. at 4.) More specifically, he states,

> The judge ordered an inpatient drug rehab program to be completed before my release from prison. I was not aware there would be subsequent years of supervised release. The Federal government no longer offers parole. Therefore, I believe my punishment is being doubled. To prevent double jeopardy, I ask that the intensive supervised release be eliminated.

(Id.) My analysis of the defendant's motion follows.[1]

## II. STANDARD OF REVIEW

A motion to vacate, set aside, or correct a sentence may be based "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255, ¶ 1. A § 2255 motion may be denied without an evidentiary hearing if the case files and records show conclusively that the prisoner is entitled to no relief. See id. ¶ 2; see also Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) ("[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted

---

[1] I sentenced the defendant, who was one of four codefendants. The case was then reassigned to Judge Urbom and the remaining three codefendants went to trial before him in December 2006. A mistrial was declared, and trial has been rescheduled for March 2007. The 2255 motion was filed after the reassignment to Judge Urbom, but the Clerk referred it to me. Since I sentenced the defendant, Judge Urbom and I have agreed that I should handle the motion.

by the record, inherently incredible, or conclusions rather than statements of fact.").

### III. ANALYSIS

The defendant's § 2255 motion is based upon allegations that are contradicted by the record. The defendant claims that he was denied effective assistance of counsel because he was not made aware that he would be subject to supervised release at the conclusion of his term of incarceration. (Filing 133 at 5.) However, the plea agreement, which was signed by the defendant, states, "You understand that by entering this plea of guilty, you are exposed to . . . at least four years of supervised release . . . ." (Filing 47, ¶ 1.) The defendant's awareness that his punishment would include a minimum of four years of supervised release is also established by his petition to enter a plea of guilty (see filing 46, ¶ 13(b)) and the transcript of the change of plea proceedings (see filing 58, Tr. at 3:20-4:2; 5:17-6:1, 13:7-24).

To the extent the defendant asserts that his counsel was ineffective because counsel failed to ensure that he was aware there was no possibility of parole, that assertion is also belied by the record. During the change of plea proceedings, the defendant answered "yes" when asked whether he understood that "if you are sentenced to a period of confinement, you will serve all of that time in prison, there is no parole, so your time in custody will be reduced only by whatever good time you may earn, if you earn it, up to 54 days a year." (See filing 58, Tr. at 12:25-13:4.)

Since the defendant's motion is based upon allegations that cannot be accepted as true, I shall deny the motion "without first holding an evidentiary hearing." United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005).[2]

---

[2] I note parenthetically that the supervised release component of the defendant's sentence clearly does not violate the Double Jeopardy Clause. See, e.g., United States v. Satek, Crim. No. 04-236 ADM/AJB, 2006 WL 1662906, at *2 (D. Minn. June 13, 2006) (noting that the imposition of a term of supervised release authorized by statute

IT IS ORDERED that the defendant's § 2255 motion (filing 133) is denied with prejudice in all respects, and a separate judgment shall be entered accordingly.

January 8, 2007             BY THE COURT:

                                            *s/Richard G. Kopf*
                                            United States District Judge

---

is part of the punishment for the original offense).